IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ANDREW J. ECKSTEIN,** | CASE NO. 1:24 CV 0512 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| **ANNETTE CHAMBERS-SMITH, et al.,** | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro se* Plaintiff Andrew J. Eckstein, an inmate in the Lorain Correctional Institution, filed this action against Ohio Department of Rehabilitation and Correction Director Annette Chambers-Smith, and Lorain Correctional Institution ("LORCI") Warden Jennifer Black. Plaintiff contends Defendants have allowed their subordinates to fail to take actions to limit the movements of an inmate against whom misconduct complaints have been filed. He does not identify the legal claim or claims he seeks to assert. He asks the Court to award him damages.

## I. Background

Plaintiff alleges that he filed a Prison Rape Elimination Act ("PREA") complaint against another inmate on February 6, 2024. Prison official investigated the complaint on February 8, 2024, and determined that is was unsubstantiated. Plaintiff alleges that other inmates have also filed PREA complaints against the same inmate, but he is still listed by prison personnel as a "trusted cadre." (Doc. No. 1-1 at PageID #: 21). Plaintiff contends Chambers-Smith "has allowed her system to continually ignore" the inmate's alleged actions of violence at Lorain Correctional Institution. (Doc. No. 1-1 at PageID #: 21). Plaintiff states that Warden Jennifer

Black is "being directed to turn a blind eye to his behavior." (Doc No. 1-1 at PageID #: 23). He alleges that victims, such as Plaintiff, are forced to look at the inmate every day and be reminded of his actions. He states that there is a separation order in place, but staff regularly do not enforce it. He indicates he wants compensation for daily pain and suffering in the amount of $1,000,000.00.

## II. Legal Standard and Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action

will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

As an initial matter, Plaintiff does not assert any legal claims, and none are readily apparent on the face of the Complaint. He appears to claim that the ODRC Director and the LORCI Warden did not ensure that their subordinates conducted a thorough investigation of his PREA complaint and did not order their subordinates to punish the identified inmate regardless of the investigation results. A claim based on an inadequate investigation fails to state a claim for a constitutional violation because there is no constitutional or federal statutory right to compel the investigation of another person. *See Johnson v. Chambers-Smith*, No. 2:22-CV-4179, 2023 WL 2555446, at *21 (S.D. Ohio Mar. 17, 2023) ("An alleged PREA violation, or a failure to adequately investigate an alleged PREA violation may not be raised under 42 U.S.C. § 1983."); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 WL 5929643, at *5 (W.D. Ky. Nov. 13, 2018) ("PREA creates no private right of action, and to the extent that Plaintiff may be attempting to bring a claim thereunder, such claim will be dismissed for failure to state a claim upon which relief may be granted.").

To the extent Plaintiff may be attempting to bring some other claim, he fails to meet the minimum pleading requirements. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain any suggestion of the legal claims Plaintiff intended to assert. Without any indication of his legal

claims, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

Finally, even if Plaintiff had identified a legal claim, he failed to state a claim for relief against these Defendants. Plaintiff did not indicate whether he was bringing his claims against the Defendants in their individual capacities or their official capacities. Individual capacity claims seek to hold a Defendant personally liable for damages. These claims must be based on the Defendant's own actions. A Defendant cannot be held liable simply because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). Instead, individual liability requires some active unconstitutional behavior on the part of the Defendant. *Peatross*, 818 F.3d at 241 (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Consequently, unless Plaintiff affirmatively pleads the direct involvement of the Defendants in the allegedly unconstitutional action, the Complaint fails to state a claim against that Defendant and dismissal is warranted. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Here, Plaintiff alleges only that the Defendants failed to instruct or control their subordinates. Those claims are based on a theory of *respondeat superior* liability. He does not allege facts suggesting that the ODRC Director or the Warden were directly involved with the investigation of Plaintiff's PREA Complaint.

Conversely, claims asserted against Defendants in their official capacity are claims directed at the political entity they serve, not the individual Defendant. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In this case, the claims asserted against Defendants in their official capacity are claims directed at the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v.*

*Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

### III. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: May 16, 2025